UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY E. EISS,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC
and U.S. BANK NATIONAL
ASSOCIATION d/b/a US Bank,

    Defendants.

_____/

Case No. 17-13141

HON. DENISE PAGE HOOD

**ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT[#9]**

**I.    INTRODUCTION**

On or about August 17, 2017, Plaintiff Harry E. Eiss ("Plaintiff") filed the instant action in Livingston County Circuit Court, alleging that Defendants breached a contract and also seeking declaratory judgment. Defendants removed the case to this Court on September 25, 2017. On January 22, 2018, Plaintiff filed a Motion for Partial Summary Judgment, wherein he asks the Court to enter an order declaring that the principal balance owed by Plaintiff under a Modification Agreement was $513,273.68 as of February 1, 2010 (the "Modification Effective Date"). The Motion for Partial Summary Judgment has been fully briefed. For the reasons that follow, the

1

Court denies Plaintiff's Motion for Partial Summary Judgment.

## II.  BACKGROUND

On or around October 22, 2004, Plaintiff and his wife, Betty J. Eiss, borrowed $620,000 (the "Loan") from GMAC Mortgage Corporation ("GMAC") to purchase their home located at 4967 E. Aljoanne, Brighton, Michigan 48116 ("the Property"). In connection with the Loan, Plaintiff and Betty J. Eiss executed: (a) a promissory note that specified the principal balance and re-payment terms ("the Note"); and (b) a mortgage ("the Mortgage") on the Property with GMAC.  On or around October 20, 2008, following their divorce, Betty J. Eiss executed a quit claim deed conveying any interest she had in the Property to Plaintiff.

On or around March 31, 2010, GMAC and Plaintiff entered into a Modification Agreement (the "Agreement") that expressly modified both the Note and the Mortgage. Dkt. No. 9, Ex. D.  The Agreement includes the following relevant provisions at Paragraph 3:

A. The new Maturity Date will be 11/1/2034.

B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan.  The new Principal balance of my Note will be 513,273.68 ("the New Principal Balance").

C. The new monthly principal and interest payment will be calculated based on an extended amortization ("repayment") period of 480

> months. The actual remaining Term of your loan, however, will be 298. As a result, your new monthly payment will not be sufficient to fully repay the entire amount of your loan over the actual remaining term. Therefore, at the end of the Term of your loan, your Maturity Date, you will be required to pay your loan in full.
>
> . . .
>
> D. $132,678.47 of the New Principal Balance shall be deferred (the Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $513,273.68. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 1/1/2010 and the first new monthly payment on the Interest Bearing Principal will be due on 02/01/2010. My payment schedule for the modified Loan is . . .

Dkt. No. 9, Ex. D at ¶¶ 3.A.–D. GMAC later assigned its interest in the Agreement to Defendant Ocwen Loan Servicing, LLC ("Ocwen") as servicer, and Defendant US Bank National Association, as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns, ARM Trust, Mortgage Pass-Through Certificates, Series 2004-12 ("US Bank") (hereinafter, referred to collectively as "Defendants").

In early 2017, Plaintiff began the process of attempting to refinance the Property with another lender, and he requested a payoff quote from Ocwen in order to proceed further in the refinancing process. On May 12, 2017, Ocwen responsed to Plaintiff's request for a payoff amount, stating that on March 9, 2010, the Loan was modified with a new principal balance of $645,952.15 pursuant to the Agreement.

3

Dkt. No. 9, Ex. F. After receiving the letter, with what Plaintiff believed to be an incorrect payoff amount from Ocwen, Plaintiff filed the present lawsuit containing allegations of breach of contract and declaratory relief. Plaintiff's Complaint alleges that "[t]he principal balance of the Loan, as amended under the Modification Agreement, was as of 2/01/10, $513,273.68." In their Answer, Defendants denied that allegation as untrue.

Plaintiff filed the Motion for Partial Summary Judgment to obtain a declaratory judgment that the principal balance as of the Modification Effective Date, as contained in the Agreement (which Plaintiff contends is $513,273.68) is clear, unambiguous and not subject to multiple interpretations. Defendants argue that there is a question of fact regarding the amount of the principal balance in the Agreement as of the Modification Effective Dates, such that Plaintiff's Motion for Partial Summary Judgment should be denied.

## III. APPLICABLE LAW

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

## IV. ANALYSIS

The issue before the Court is simple: Does the Agreement indisputably provide that Plaintiff owed the principal balance of $513,273.68 on the Modification Effective Date?

5

When interpreting contracts such as mortgages under Michigan law, the goal is to ascertain and enforce the parties' intent according to the plain language of the contract. *New Freedom Mtg. Corp. v. Globe Mtg. Corp.,* 281 Mich.App. 63, 76 (2008). Whenever possible, the intent of the parties is to be determined solely by looking at the four corners of the contract. *Clark Bros. Sales Co. v. Dana Corp.*, 77 F.Supp.2d 837, 843 (E.D. Mich. 1999) (citing *Sheldon-Seatz, Inc. v. Coles*, 319 Mich. 401, 406-07 (1947)). Contracts should be construed to give effect to each term or phrase whenever practicable. *Klapp v. United Ins. Group Agency, Inc.,* 468 Mich. 459, 467 (2003). "Clear, unambiguous and definite contract language must be enforced as written and courts may not write a different contract for the parties or consider extrinsic evidence to determine the parties' intent." *Wausau Underwriters Ins. Co. v. Ajax Paving Indus., Inc.,* 256 Mich.App. 646, 650 (2003). If the contract is ambiguous, a court may allow extrinsic evidence to establish the actual intent of the parties. *Shay v. Aldrich*, 487 Mich. 648, 667 (2010). If two provisions irreconcilably conflict, a question of fact exists that precludes summary judgment. *Klapp*, 468 Mich. at 480.

Plaintiff argues that the clear, unambiguous terms of the Agreement establish that the principal balance owed on the Modification Effective Date was $513,273.68. Plaintiff cites to and relies on one sentence in Paragraph 3.B. to claim that there is an

6

absence of genuine dispute that the principal balance on the Modification Effective Date was $513,273.68: "The new Principal balance of my Note will be 513,273.68 (the "New Principal Balance")." The Court finds that sentence unambiguous and, if the Agreement did not contain any terms to the contrary or that undercut that sentence, the Court would grant Plaintiff's Motion for Partial Summary Judgment. Other provisions in the Agreement, however, create a genuine dispute regarding the principal balance due under the Agreement as of the Modification Effective Date.

Defendants argue, and the Court finds, that the language in Paragraph 3.D. regarding the principal balance on the Modification Effective Date is inconsistent – and not reconcilable – with the language in Paragraph 3.B. . Paragraph 3.D. first provides that $132,678.47 of the New Principal Balance is to be deferred and no interest would be paid, nor would any monthly payment be made, on it (the Deferred Principal Balance). Paragraph 3.D. then provides that subtracting the Deferred Principal Balance from the New Principal Balance of $513,273.68 would create the Interest Bearing Principal Balance of $513,273.68. As a result, the Agreement provides that both the New Principal Balance and the Interest Bearing Principal Balance are the same: $513,273.68. This is true even though, pursuant to the clear language of Paragraph 3.D., the Interest Bearing Principal Balance is intended to be $132,678.47 (the Deferred Principal Balance), less than the New Principal Balance.

7

For the reasons set forth above, the Court finds that the inconsistency and discrepancy within the provisions of Paragraph 3 create a genuine dispute of material fact regarding the amount of the New Principal Balance on the Modification Effective Date.

As the Agreement is ambiguous, the Court can look to extrinsic evidence to determine the actual intent. *Shay*, 487 Mich. at 667. Each of the loan statements generated by Defendants (or their predecessor) between 2011 and 2013, all of which stem from the Agreement and are attached to Defendants' response, includes a "Principal Balance (PB)" in excess of $613,000 and a "Deferred Prin. Bal. (inc. in PB)" of $132,678.48.[1] *See* Dkt. No. 11, Exs. 2 and 3. Those loan statements, which Plaintiff allegedly never challenged prior to filing this lawsuit in 2017, further create a genuine dispute of material fact as to the amount of the principal balance on the Modification Effective Date.

The Court therefore denies Plaintiff's Motion for Partial Summary Judgment.

## V. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment. [Dkt. No. 9]

---

[1] The Court notes that the amount of the Deferred Principal Balance in the Agreement is $0.01 (one cent) less than the "Deferred Prin. Bal. (inc. in PB)" amount on the loan statements.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager