**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HARRY E. EISS,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC
and U.S. BANK NATIONAL
ASSOCIATION d/b/a US Bank,

    Defendants.
_____/

Case No. 17-13141

HON. DENISE PAGE HOOD

**ORDER DENYING DEFENDANTS'
MOTION *IN LIMINE* [ECF No. 27]**

On or about August 17, 2017, Plaintiff Harry E. Eiss ("Plaintiff") filed the instant action, alleging that Defendants breached a Modification Agreement and seeking declaratory judgment. Defendants removed the case to this Court on September 25, 2017. The parties are scheduled to appear before the Court for a bench trial on October 1, 2019. Defendants have filed a Motion *in Limine* to Exclude Evidence of Undisclosed Damages and Testimony by Plaintiff's Attorney. ECF No.27. The Motion *in Limine* has been fully briefed, and the Court previously notified the parties that the Motion *in Limine* would be decided on the briefs. ECF No. 29. For the reasons that follow, the Motion *in Limine* is denied in its entirety.

1

## I. Evidence of Undisclosed Damages

Defendants argue that the Court should exclude evidence of damages in this case because Plaintiff: (a) failed to provide a computation of damages under Fed. R. Civ. P. 26(a)(1)(A)(iii); (b) failed to supplement their initial disclosures; (c) failed to disclose their damages in response to Defendants' discovery requests; and (d) failed to supplement their discovery responses. The Court disagrees.

In his initial disclosures, Plaintiff disclosed that he was seeking the disputed amount in the Modification Agreement and the damages incurred as a result of not being able to timely refinance his loan, plus costs and attorney fees. Although Plaintiff did not specify an amount of the damages incurred because he could not refinance his loan, Plaintiff's initial disclosures put Defendants on notice of the basis of Plaintiff's alleged damages on or about November 22, 2017 (approximately 17 months before the Motion *in Limine* was filed). Plaintiff also provided Defendants an interest rate estimate from TIAA-CREF no later than March 26, 2018, over one year before the Motion *in Limine* was filed.

Defendants could have filed a motion to compel prior to the discovery deadline, especially after Plaintiff failed to compute his damages in response to their Interrogatories and or explain at his deposition why he was denied refinancing. All of these things were known to Defendants at least 11 months prior to the Final Pretrial

Conference and at least 10 months before the ultimate motion *in limine* cut-off date. *See* ECF No. 22 (due November 26, 2018); ECF No. 26 (due March 18, 2019, one week before the Final Pretrial Conference). There was no need to wait to first raise this issue at the Final Pretrial Conference and not file their Motion *in Limine* until after the conference. The fact that the Court allowed Defendants to file the motion *in limine* does not mean that the motion would be granted or that the timeliness of the motion was irrelevant.

The Court finds that this is not a complex case with respect to damages. Defendants have long known that Plaintiff's claimed damages were based on the discrepancy in the amount of the mortgage debt Plaintiff owed (approximately $132,000) and the losses incurred because Plaintiff could not refinance his mortgage (an amount that can easily be determined based on the interest rate at which Plaintiff could have refinanced). Unless Defendants agree on the amount of the interest rate at which Plaintiff could have refinanced (and that Plaintiff could have refinanced at all), Defendants would still have to take the same steps to determine what the losses incurred by Plaintiff were, whether or not Defendants knew (or know) the amount of damages attributable to such losses.

Accordingly, the Court denies Defendants' Motion *in Limine* to the extent Defendants seek to exclude evidence of damages.

## II. Testimony by Catherine Riesterer

Defendants move to preclude any testimony by Catherine Riesterer, someone who acted as Plaintiff's attorney in conjunction with the loan modification at issue in this case. Ms. Riesterer has never filed an appearance in this case, but she is a name partner at the law firm that represents Plaintiff in this litigation.

Defendants contend that the Court should not allow Ms. Riesterer to testify as a witness because "there would be a conflict between Plaintiff's testimony and the testimony of Ms. Riesterer," in violation of Michigan Rule of Professional Conduct 3.7 (Lawyer as Witness). ECF No. 27, PgID 509. Defendants argue that Plaintiff's deposition testimony that he "pretty much on [his] own" obtained the Modification Agreement and Ms. Riesterer "didn't help [him] a great deal" conflicts with Ms. Riesterer's expected testimony regarding her discussions with GMAC (Defendants' predecessor in interest) about the modification of Plaintiff's loan.

Ms. Riesterer was not deposed, nor has she submitted an affidavit specifying what her testimony will be. Plaintiff indicates that "Ms. Riesterer's anticipated testimony relates solely to the terms of the existing *written* Modification Agreement. Ms. Riesterer's testimony goes to the interpretation of the written Modification Agreement[.]" ECF No. 30, PgID 586 (emphasis in the original).

Rule 3.7 provides, in relevant part:

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.[1]

Defendants seem to argue that because Rule 1.7 and Rule 1.9 "prohibit an attorney

---

[1]Rule 1.7 – Conflict of Interest: General Rule – provides:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Rule 1.9 – Conflict of Interest: Former Client – provides:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

(b) Unless the former client consents after consultation, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated has previously represented a client (1) whose interests are materially adverse to that person, and (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

from representing a client where a conflict of interest arises," the Court should not allow Ms. Riesterer as a witness.

Defendants also argue that Ms. Riesterer's testimony would be improper under the Statute of Frauds. Defendants' arguments are premised on the belief that Ms. Riesterer would be testifying about the intent of GMAC (Defendants) to waive approximately $132,000 of Plaintiff's mortgage debt. As Defendants state, for any financial institution, the statue of frauds requires that an agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the bank. *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich.App. 538, 549 (2000); *Zander v. Ogihara Corp.*, 213 Mich.App. 438, 445 (1995) (holding that oral testimony outside the statute of frauds is inadmissible).

As noted above, there is no evidence of what Ms. Riesterer's testimony will be, only Plaintiff's representation that: "Ms. Riesterer's anticipated testimony relates solely to the terms of the existing *written* Modification Agreement. Ms. Riesterer's testimony goes to the interpretation of the written Modification Agreement[.]" ECF No. 30, PgID 586 (emphasis in the original). Plaintiff also indicates that Ms. Riesterer will not testify about any "'promise or commitment to waive any provision of a loan, extension of credit, or other financial accommodation,' in violation of MCL

6

566.132(2)." *Id.*[2]

Because Ms. Riesterer was not deposed and did not submit an affidavit specifying what her testimony will be, the Court cannot know if Ms. Riesterer's testimony will be in conflict with that of her client (Plaintiff) or if it would be barred by the Statute of Frauds. Accordingly, the Court cannot conclude that Ms. Riesterer's testimony should be excluded or precluded due to a conflict of interest or because it will violate the Statute of Frauds. The Court denies without prejudice Defendants' Motion *in Limine* with respect to their request to preclude the testimony of Catherine Riesterer. If Ms. Riesterer is called as a witness, the Court will address her proposed testimony on a question-by-question basis.

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion *in Limine*. [ECF No. 27]

IT IS ORDERED.

                                                        s/Denise Page Hood
                                                        DENISE PAGE HOOD
Dated: September 26, 2019           UNITED STATES DISTRICT COURT

---

[2] Plaintiff also argues that it is not seeking an order that the Modification Agreement waived over $132,000 of his debt but, instead, is seeking an order that the principal balance of the Modification Agreement is $513,273.68, as stated in the Modification Agreement. Accordingly, Plaintiff contends that the statute of frauds is not implicated.